UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| OLIVIA BREWER, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 25 CV 50313 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| BUCKBEE SEED CO., LLC, SEED II, | ) | |
|         Defendant. | | |

**ORDER**

      Plaintiff Olivie Brewer worked at Mrs. Buckbee's Wake-N-Bakery, where she sold cannabinoid-infused baked goods and drinks and performed other tasks, and for which she was paid hourly. She filed suit against the bakery's owner, defendant Buckbee Seed Co., LLC, Seed II, for failing to pay her time-and-a-half for overtime, and for requiring her to split tips with salaried management. She raises claims under the Fair Labor Standards Act, *see* 29 U.S.C. §§ 203(m)(2)(B) (tips) & 207 (overtime), the Illinois Minimum Wage Law, *see* 820 ILCS § 105/4a, and the Illinois Wage Payment and Collection Act, *see* 820 ILCS § 115/4.1. Before the Court is Magistrate Judge Iasparro's Report & Recommendation that Ms. Brewer's motion for default judgment [16] be granted, though awarding her counsel fees at an hourly rate less than sought. Ms. Brewer has filed an objection under Fed. R. Civ. P. 72(b)(2), but objects to only the reduction to counsel's hourly rate. Dkt. 24.

      Defendant was served with summons and complaint through its registered agent, Dkt. 6, but did not answer or otherwise respond to the complaint. Ms. Brewer moved for entry of an order of default. Dkt. 11. At that point counsel for Defendant filed an appearance and participated in a telephonic hearing on the motion for an order of default, but Defendant still never answered. In the absence of any answer beyond the deadline to do so, the Clerk entered an order of default. Dkt. 15.

      Ms. Brewer then filed a motion for default judgment. Dkt. 16. Because Defendant's counsel had appeared, Defendant got notice of the motion and the hearing the Court set for the motion through e-filing. *See* Fed. R. Civ. P. 5(b)(1) and (2)(E). Neither Defendant nor its counsel appeared at the hearing. Dkt. 22. After the hearing, Judge Iasparro entered a Report and Recommendation that the motion for default judgment be granted, and that judgment be entered in the amount of $10,171.50, which consists: $480.75 in unpaid overtime; $2,250.00 in tips she was required to share with managers; an amount equal to both of those as liquidated damages as allowed by 29 U.S.C. § 216(b) and 820 ILCS 105/12(a)[1]; as well as costs of $530.00, and attorneys' fees of attorneys' fees of $4,180.00 as allowed by 29 U.S.C. § 216(b) and 820 ILCS 105/12(a). In addition, under 820 ILCS 105/12(a) Ms. Brewer seeks a penalty of 5% for each

---

[1] Under 820 ILCS 105/12(a) an employee may recover "treble the amount of any such underpayments," but in her motion for default judgment Ms. Brewer seeks liquidated damages only in an amount equal to the underpayment.

month the underpayments remain unpaid.[2]  *See Schneider v. Cornerstone Pints, Inc.*, No. 13 CV 4887, 2016 U.S. Dist. LEXIS 8535, at *4 (N.D. Ill. Jan. 15, 2016) (the 5% penalty under 820 ILCS 105/12(a) "is mandatory and not duplicative of the FLSA's liquidated damages provision.").

Neither side has objected to the Report and Recommendation's calculation of the amounts Ms. Brewer was underpaid, or the amount of liquidated damages to which she is entitled, or to the 5% monthly penalty.  After reviewing Ms. Brewer's declaration, including the documentation of her hours worked, the Court agrees and adopts the Report and Recommendation's calculations.  In addition, no party has objected to the computation of costs, and the Court adopts that amount as well.

However, Ms. Brewer's counsel has lodged an objection to the Report and Recommendation's calculation of attorneys' fees, specifically to the reduction to the $500 hourly rate he sought.  Judge Iasparro found that counsel has reasonably incurred 8.36 hours of work, but reduced the hourly rate to $375, and the requested fee award from $4,180.00 to $3,135.00.

This is the entirety of counsel's bare-boned request for an hourly rate of $500 presented in Ms. Brewer's motion for default judgment:

> Plaintiff seeks a reasonable hourly rate of $500.00 for Mr. Richards.  *See* Ex. B. Based on his qualifications and experience a reasonable hourly rate for Mr. Richards in the Chicago market is $500.00 per hour.  *See, e.g.*, *Soto v. Wings 'R Us Romeoville, Inc.*, 2018 WL 1875296 at *4 (N.D. Ill. 2018) (awarding wage and hour senior attorneys a range of $525-$650 per hour in 2018).

Motion for Default Judgment [16] at 9.  But as Judge Iasparro explained in the Report and Recommendation, the analysis is more rigorous than that.  Judge Iasparro correctly noted that a reasonable hourly rate should reflect counsel's market rate, and the best example of that is what counsel billed for comparable work, citing *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).  Next best, Judge Iasparro noted, is evidence of the rates charged paying clients to similarly experienced attorneys in the community, or fee awards the attorney received in similar cases, citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999).  Plaintiff's counsel had offered no such evidence to support his requested hourly fee.  In the absence of such evidence, Judge Iasparro instead looked to the $375 hourly rate counsel sought and was awarded recently in other cases from the Central District of Illinois and Southern District of Florida.  Report and Recommendation [23] at 3.  Counsel does not argue that Judge Iasparro was wrong to find those other cases, each of which is publicly-accessible.  Instead, counsel contends Judge Iasparro erred because those cases did not involve rates charged in Chicago.  But neither does this case, which has been litigated in the Western, not Eastern,

---

[2] In support of this proposition, plaintiff's counsel rely on "*Burton v. DRAS Partners, Inc.*, 2019 WL 5550579 at *5 (N.D. Ill. 2019)," which they quote as holding that the 5% penalty is ""mandatory under the IMWL and must be awarded in addition to FLSA liquidated damages." Dkt. 16 at 8.  The Court was unable to find such a decision.  In response to the Court's request for a copy, counsel admit they too are unable to find any such decision, and explain that they lifted their citation to *Burton* from another case. Dkt. 26 at 1.  The Court will not, at this time, press the matter further.

Division. Counsel then goes on to offer a variety of arguments why the rates in *Soto* should guide the fee award in this case, but they are arguments and citations to authority offered for the first time in the objection. Although review under Fed. R. Civ. P. 72(b)(2) is *de novo*, and under Rule 72(b)(3) the court *may* receiver further evidence, arguments raised for the first time in an objection are forfeited, *see United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Left Field Media LLC v. City of Chicago*, 137 F. Supp. 3d 1127, 1143 (N.D. Ill. 2015); *see also Patterson–Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge."). Counsel's arguments in favor of a $500 hourly rate should have been offered in the motion for a default judgment; offering them for the first time in the objection comes too late.

For these reasons, the Court accepts Judge Iasparro's Report and Recommendation [24], grants Ms. Brewer's motion for default judgment [16], and awards damages, costs, and fees in the amount of $9,066.50. Judge Iasparro noted that she sought judgment on only her individual claims, which Ms. Brewer does not dispute in her objection, and so any class and collective claims are abandoned. Judgement will not enter at this time. Instead, Plaintiff is directed to submit to this Court's proposed order inbox a proposed order of judgment consistent with this order and which incorporates the 5% per month penalty on amount of *underpayments* (as opposed to liquidated damages or attorneys' fees) that remain unpaid through the date of the proposed order. The proposed order shall be accompanied by a separate sheet showing Ms. Brewer's calculation of the 5% penalty. The proposed order shall be submitted by March 17, 2026.

Date: March 10, 2026      By: _____
                              Iain D. Johnston
                              United States District Judge